UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62298-CIV-ZLOCH

DANIEL GIRARD, and all others similarly
situated under 29 U.S.C. § 216(B),

    Plaintiff,

v.

AZTEC RV RESORT, INC., JEAN-GAY SYLVAIN,

    Defendants,
_____/

**DEFENDANTS' NOTICE OF FILING SUPPLEMENT TO:
(1) DEFENDANTS' REPLY TO DEFENDANTS' MOTION FOR DISMISSAL OF CASE AS FRIVOLOUS, SANCTIONS, AND ISSUANCE OF SHOW CAUSE ORDER [D.E. 51],
(2) DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO D.E. 49 [D.E. 50], AND
(3) DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [D.E. 36]**

Defendants, by and through undersigned counsel, file this Supplement to: (1) Defendants' Reply to Defendants' Motion for Dismissal of Case as Frivolous, Sanctions, and Issuance of Show Cause Order [D.E. 51], (2) Defendants' Reply to Plaintiff's Response to D.E. 49 [D.E. 50], and (3) Defendants' Response in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint [D.E. 36], and hereby attach as Exhibit #1 hereto the Sworn Declaration of Romuald Mercier.

Specifically, the attached sworn declaration illustrates that an overwhelming majority of the factors used to determine whether a joint employment relationship exists pursuant to *Antenor v. D&S Farms,* 88 F.3d 925, 933 (11th Cir. 1996) establish that there was no joint employment relationship here, and therefore, weigh heavily in favor of the Defendants in this case. This evidence strongly supports the denial of the Plaintiff's Motion for Leave to File First Amended

1

Complaint [D.E. 35], and the granting of the Defendants' Motion for Dismissal of the Case as Frivolous, Sanctions, and Issuance of Show Cause Order [D.E. 41].

For example, within the sworn declaration, for the period of approximately August 2009 through December of 2009 when the Plaintiff worked for Kobe, LLC, Mr. Mercier, as owner and president of Kobe, LLC, states that he, on behalf of Kobe, LLC:

> (1) controlled the Plaintiff's work and the hours that the Plaintiff worked, along with other employees of Kobe, LLC, (2) directly supervised the Plaintiff and gave him his orders, along with other employees of Kobe, LLC, (3) had the right to hire, fire, and/or modify the Plaintiff's work conditions, along with other employees of Kobe, LLC, (4) determined the Plaintiff's pay rate and the method by which he was paid, along with other employees of Kobe, LLC, (5) prepared the Plaintiff's payroll and payment of the Plaintiff's wages, along with other employees of Kobe, LLC, and (6) Kobe, LLC provided equipment that the Plaintiff and other employees of Kobe, LLC used, such as weed cutters, shovels, blowers, hammers, axes, chainsaws, rakes, small push lawnmowers, and all other small equipment. Furthermore, during the time that the Plaintiff was employed by Kobe, LLC, the Plaintiff did not perform a line job integral to the end product.

*See Exhibit #1, ¶2.* Going even further, Mr. Mercier stated that during this same time period when he had a contract with the Corporate-Defendant, Mercier was the one who "made all of the decisions with respect to Kobe, LLC and its employees," "decided how to best go about completing the work under the contract," and decided how to manage the money that [he] received under the contract in order to complete the terms of the contract." *Id.* Mr. Mercier also confirmed that Kobe, LLC had annual gross revenues of less than $500,000 for 2008, 2009, and 2010, and that the Plaintiff did not participate in the actual movement of people or things across state lines during the time that he worked for Kobe, LLC since he was simply a basic laborer. *Id.*

Furthermore, the sworn declaration states that Mr. Mercier worked as a consultant for Aztec RV Management, Inc. in 2010, and for the period in 2010 when the Plaintiff worked for Aztec RV Management, Inc., it was Mr. Sylvain and/or Mr. Mercier who, on behalf of Aztec RV Management, Inc.:

> (1) controlled the Plaintiff's work and the hours that the Plaintiff worked, along with other employees of Aztec RV Management, Inc, (2) directly supervised the Plaintiff and gave him his orders, along with other employees of Aztec RV Management, Inc, (3) had the right to hire, fire, and/or modify the Plaintiff's work conditions, along with other employees of Aztec RV Management, Inc, (4) determined the Plaintiff's pay rate and the method by which he was paid, along with other employees of Aztec RV Management, Inc, (5) prepared the Plaintiff's payroll and payment of the Plaintiff's wages, along with other employees of Aztec RV Management, Inc, and (6) Aztec RV Management, Inc provided some equipment that the Plaintiff and other employees of Aztec RV Management, Inc used. During the time that the Plaintiff was employed by Aztec RV Management, Inc, he did not perform a line job integral to the end product.

*See Exhibit #1, ¶3.* During the time he worked for Aztec RV Management, Inc., the Plaintiff was a basic laborer (and supervisor for part of the time) and did not participate in the actual movement of people or things across state lines. *Id.*

However, most notably, the *Plaintiff himself admitted to several facts in his deposition that absolutely destroy his case, as well as the claims that his lawyers are making on his behalf.* This deposition was taken by undersigned counsel on Friday, August 5, 2011. The court reporter who was present for the deposition is currently in the process of transcribing the deposition, which undersigned counsel's firm has ordered. Despite not currently having a copy of the deposition as of the drafting of this supplement, undersigned counsel took several notes during the deposition, and is relying upon those notes herein to apprise the Court of some of the admissions that the Plaintiff made within his deposition. Upon receipt and review of the Plaintiff's deposition, Defendants will attach the relevant portions of the Plaintiff's deposition to their Statement of Facts accompanying their upcoming Motion for Summary Judgment.

Thus, the Plaintiff admitted during his deposition that he: (1) was *solely* employed by Kobe, LLC in 2009 during his claim period in this case (and has known that was who his employer was from the first paycheck that he received), (2) was *solely* employed by Aztec RV Management, Inc. in 2010 during his claim period in this case (and has known that was who his

3

employer was since the first paycheck that he received), (3) *never* worked for Aztec RV Resort, Inc. (admitting that the name Aztec RV Resort, Inc. in the style of the lawsuit is incorrect), (4) *never* received a paycheck from Aztec RV Resort, Inc., (5) has no idea what the relationship, if any, between any of the three companies is (which means that the Defendants' evidence in this regard is unrebutted), (6) has no idea what the gross revenues of any of these companies is for any given year, did not do anything pre-suit to try to determine them, and would have to defer to each of the respective companies for any questions whatsoever concerning annual gross revenues, (7) has no idea where any of the products, supplies, or equipment that he used while working during the relevant time period actually came from, (8) never participated in the movement of things or persons across state lines, and had nothing to do with that whatsoever, (9) admitted that there are several flaws within his damages calculations in this case (as further set forth below), (10) approved his Complaint even though he knew it to be incorrect (*and testified that defense counsel should ask Plaintiff's counsel why that is*), (11) has no idea what he would settle this case for, (12) has no intention of suing Mr. Sylvain personally (despite the fact that his lawyer did so), (13) never told anyone at either Kobe, LLC or Aztec RV Management, Inc. that he was unhappy for any reason and that everything was "good," (14) is only suing to get the maximum amount of money that he can, regardless of whether he is entitled to it or not, (15) has no idea how many weeks he worked less than forty hours, (16) cannot even guess as to how many hours that he worked on any given week, (17) has no idea what weeks he was paid what hourly rate, (18) admits that he has no idea which weeks he claims to have worked on Saturday and which weeks he claims to have worked on Sunday, (19) admits that it is possible that he had down time while working where he was free to do whatever he wanted and was completely relieved of his duties, (20) admits that he took breaks while working and was paid for that time,

(21) knows that he had days off at times, but has no idea when those days off occurred, (22) admits that he really may have began working for Kobe, LLC in August of 2009, as opposed to the June 1, 2009 date stated within his Complaint, (23) admits that a *big part* of the reason why he filed this lawsuit is because he dislikes Mr. Sylvain and was angry that he fired him, (24) never provided any pre-suit demand in this case, (25) never complained to anyone when he worked that he was not being paid properly, (26) agreed that any failure to pay him overtime was not done willfully, (27) would have to defer to Mr. Romuald and Kobe, LLC as to whether Kobe, LLC had a policy of not permitting overtime to be worked[1], and (28) admits that the "time sheets" that he produced in this case were not kept contemporaneously with the days that he worked, were created by him at the behest of his wife months later, only constitute a guess as to the hours he worked, that in some cases these "time sheets" were created approximately *eight months* after he worked as to what hours he guessed he worked on all of those days months prior, and admits that the company's records are a much more accurate reflection of the actual hours he worked because those records were kept contemporaneously and were signed by the Plaintiff himself. These admissions are only *some* of the highlights of the Plaintiff's deposition. As if that was not enough, there is more.

Pursuant to the *Antenor* factors, the Plaintiff admitted that during the time period in 2009 when he worked exclusively for Kobe, LLC, Mr. Mercier: (1) directly supervised him, (2) gave him his orders, (3) had the right to hire and fire him, (4) had the right to modify his work conditions, (5) and the Plaintiff admitted that he did not perform a line job integral to the end product. For the time period in 2010 when he worked exclusively with Aztec RV Management,

---

[1] Mr. Mercier stated in his sworn declaration that he "specifically instructed the Plaintiff, along with [his] other workers, not to work overtime, and [he] know[s] that the Plaintiff did not work more than forty (40) hours in any given week during the time that he was employed by Kobe, LLC." *See Exhibit #1, ¶ 2.*

Inc., the Plaintiff admitted that Mr. Sylvain and/or Mr. Mercier, on behalf of Aztec RV Management, Inc.: (1) controlled the Plaintiff's work and the hours that the Plaintiff worked, (2) directly supervised the Plaintiff and gave him his orders, (3) had the right to hire, fire, and/or modify the Plaintiff's work conditions, (4) determined the Plaintiff's pay rate and the method by which he was paid, (5) prepared the Plaintiff's payroll and payment of the Plaintiff's wages, (6) Aztec RV Management, Inc provided all of the equipment that the Plaintiff and other employees of Aztec RV Management, Inc used, and (7) the Plaintiff admitted that he did not perform a line job integral to the end product. Furthermore, the Plaintiff admitted that he has no idea who owned the land that he worked on in either 2009 or 2010.

Notwithstanding all of the above, the Plaintiff also admitted that there was a month in 2010 when he worked for Aztec RV Management, Inc. where: (1) his primary duty was management, (2) he customarily and regularly directed the work of at least two employees (Ned Joseph and Jesus Gonzalez), (3) he had the authority to hire/fire employees, (4) he was compensated on a salary basis at a rate of not less than $455 per week, and (5) he received more pay than the individuals that he supervised. These admissions by the Plaintiff establish that the managerial exemption to the FLSA also applies in this case for that time period. 29 C.F.R. § 541.100.

These facts listed herein conclusively establish that this entire case is frivolous, that the Plaintiff and his counsel knew that from the beginning but have chosen instead to continue litigating it, and that this case should be dismissed accordingly. Simply put, these facts illustrate that the Plaintiff (to his credit) conceded that he does not have a case, regardless of the arguments raised by his lawyers (which are obviously without merit and disputed by their client).

This outrageous repeated behavior runs contrary to everything that our legal profession *should* stand for, and simply should not be tolerated by this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record (Jamie Zidell) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

    Respectfully submitted,

    Glasser, Boreth & Kleppin
    Attorneys for Defendants
    8751 W. Broward Blvd.
    Suite 105
    Plantation, FL 33324
    Tel.  (954) 424-1933
    Fax  (954) 474-7405
    E-mail:  ckleppin@gbkemploymentlaw.com
         kzinchiak@gbkemploymentlaw.com

    By___s/Kristopher W. Zinchiak_____
       Chris Kleppin
       Fla. Bar No. 625485

       Kristopher W. Zinchiak
       Fla. Bar No. 74442