**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 10-62298-CIV-ZLOCH/ROSENBAUM

DANIEL GIRARD,

    Plaintiff,

v.

AZTEC RV RESORT, INC. and
JEAN-GAY SYLVAIN,

    Defendants.

_____/

**ORDER ON MOTION FOR LEAVE
TO FILE SUPPLEMENTS *NUNC PRO TUNC***

    This matter is before the Court on Defendants' Motion for Leave to File Supplements *Nunc Pro Tunc* ("Motion for Leave")[D.E. 66], pursuant to an Order of Referral from the Honorable William J. Zloch. [D.E. 79]. The Court has reviewed the Motion, Plaintiff's Response in Opposition [D.E. 69], and Defendants' Reply [D.E. 75], as well as the case file. Upon careful consideration, the Court grants in part and denies in part Defendants' Motion for Leave.

*Background*

    In their Motion for Leave, Defendants seek for the Court to allow them to file various supplements *nunc pro tunc* which were filed earlier in the case and relate to previously filed motions. Plaintiff opposes the Motion, arguing that Defendants's so-called "supplements" actually amount to sur-replies filed without the Court's permission and seeking to strike the "supplements" from the Court's docket sheet.

    More specifically, on July 13, 2011, Defendants filed their Motion for Dismissal of Case as

Frivolous, Sanctions, and Issuance of Show Cause Order ("Motion to Dismiss") [D.E. 41], but then later filed a supplement to the Motion to Dismiss on July 19, 2011 (the "July 19th Supplement"). [D.E. 44]. The July 19th Supplement referenced Defendant Aztec RV Resort, Inc.'s ("Aztec") corporate representative's deposition that took place on June 30, 2011, and noted that Defendants had received the deposition transcript after they had filed the Motion to Dismiss. In seeking *nunc pro tunc* authorization to file the July 19th Supplement, Defendants emphasize that Plaintiff was afforded the opportunity to respond to the Supplement and, in fact, did respond to the July 19th Supplement.

Additionally, after Defendants filed their Reply to the Motion to Dismiss (*i.e.*, on August 2, 2011), Plaintiff sat for his deposition on August 5, 2011. Defendants claim that on August 8, 2011, they received an affidavit from Romuald Mercier ("Mercier") and, thus, on August 9, 2011, filed a supplement (the "August 9th Supplement") [D.E. 52] in relation to their Reply to the Motion to Dismiss "in order to present this newly-received evidence to the Court." *See* D.E. 66 at 1. Defendants point out that Plaintiff again filed a response to the August 9th Supplement, citing supplemental authority. *See* D.E. 53.

Finally, Defendants filed another supplement on August 17, 2011 (the "August 17th Supplement") [D.E. 54] after they received the transcript of Plaintiff's deposition on August 15, 2011. Defendants claim that after receipt and review of the deposition transcript, defense counsel "noticed additional testimony that was directly relevant to the issues at hand and therefore, filed [the] supplement . . . in order to provide the Court with this new evidence." *See* D.E. 66 at 2. The August 17th Supplement related to the previously filed Motion to Dismiss, pointing out additional reasons why the lawsuit should be deemed frivolous and the Motion to Dismiss granted. Unlike with the July 19th Supplement and the August 9th Supplement, Plaintiff did not respond to the August 17th

Supplement, but, rather filed a Notice of Objection [D.E. 58], arguing that "Defendants continue to circumvent the local rules by filing additional argument without leave of Court . . . . as required under SDLR Rule 7.1(c)." *See* D.E. 58 at 1. Plaintiff also asserted that Defendants "continue to raise sur-reply arguments that otherwise cutoff Plaintiff's opportunity to respond." *Id*. Defendants filed a Response to Plaintiff's Notice of Objection [D.E. 65], stating their disagreement with Plaintiff's objection and noting that, in an abundance of caution, Defendants would file their Motion for Leave so that the Court could determine whether it was appropriate for Defendants to file the three supplements. *See* D.E. 65 at 3.

Accordingly, in response to Plaintiff's Notice of Objection, in which Plaintiff challenges Defendants' filing of the supplements in this matter, Defendants now seek for the Court to allow the filing of the July 19th Supplement [D.E. 44], the August 9th Supplement [D.E. 52], and the August 17th Supplement [D.E. 54] (collectively, the "Supplemental Filings") *nunc pro tunc*. In response to Defendants' Motion for Leave, Plaintiff again points to Local Rule 7.1(c), and requests that the Court "disallow Defendants' practice of filing unending supplements." *See* D.E. 69 at 2. Defendants filed their Reply to the Motion for Leave on September 8, 2011. The Motion is now ripe for consideration.

## *Discussion*

In determining Defendants' Motion for Leave, the Court considers both the Local Rules of the Southern District of Florida and the general practice of making supplemental filings. With respect to Local Rule 7.1, S.D. Fla., that rule is entitled "Motions, General," and Section 7.1(a) provides authority for parties to file various types of motions with the Court (either with or without a memorandum of law, depending on the circumstances). Local Rule 7.1(c), called "Memorandum of Law," states that a party opposing a motion shall have the opportunity to serve an opposing

memorandum and further provides that the movant shall have the opportunity to serve a reply. S.D. Fla. L.R. 7.1(c). The rule continues, "No further or additional memoranda of law shall be filed without prior leave of Court." *Id*. Plaintiff relies on the last portion of Local Rule 7.1(c) to argue that Defendants may not file their supplements without first obtaining leave of Court.

Although not directly on point, Local Rule 16.1(i), S.D. Fla., also provides some guidance in this matter. That rule pertains to "[n]ewly [d]iscovered [e]vidence or [w]itnesses" and states as follows: "If new evidence or witnesses are discovered after the pretrial conference, the party desiring their use shall immediately furnish complete details thereof and the reason for late discovery to the Court and to opposing counsel. Use may be allowed by the Court in furtherance of the ends of justice." S.D. Fla. L.R. 16.1(i).

Turning to the practice of making supplemental filings with this Court, such supplemental filings should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time that that party filed the original brief to which the subsequent supplemental filing pertains. They should further note the argument to which the legal authorities or evidence relate. Beyond that, however, supplemental filings should do nothing more. Put simply, notices of supplemental authority should not make legal argument. *See Pellegrino v. Koeckritz Dev. of Boca Raton, LLC*, 2008 WL 2753726, *2 n.2 (S.D. Fla. Oct. 27, 2008).

Considering the Local Rules and the local practice of making supplemental filings with this Court, the Court concludes that Defendants' Supplemental Filings should be stricken in part. More specifically, Defendants' Supplemental Filings consist of two parts: the notices themselves and the evidence that they attach. The evidence that the notices append is appropriate for submission to the Court under the local practice of submitting supplemental filings and analogous to Local Rule 16.1(i), which pertains to evidence discovered after the pretrial conference. First, the evidence

pertains to issues in the briefs to which Defendants state that they relate. Second, Defendants specify — and Plaintiff does not contest — that the evidence attached to the notices was discovered after submission of the briefs to which they relate. Finally, the Court does not find that Defendants should have had this evidence prior to filing their original briefs. For all of these reasons, the Court concludes that it was not improper for Defendants to submit this evidence to the Court in their Supplemental Filings and determines that allowing the filing of the evidence furthers the ends of justice.

As for the notices themselves, however, the Court cannot reach the same conclusion. Even the most superficial review of the notices reveals that they contain argument. *See, e.g.,* D.E. 44 at 2 ("Thus, dismissal of the Plaintiff's case is warranted because enterprise coverage does not exist for the Corporate-Defendant since (1) the Corporate-Defendant's gross annual revenues do not exceed $500,000 and (2) the Corporate-Defendant has never had any employees, let alone the requisite two or more employees") (citing 29 U.S.C. § 203(s)(1)(A) and *Rodriguez v. Marble Care Int'l, Inc.*, Case No. 10-23223-CIV-GRAHAM (S.D. Fla.)). And Defendants filed three of these types of "notices" in addition to fully briefing their Motion to Dismiss. The Local Rules specifically provide, however, that beyond an opening brief and a reply brief, a moving party shall file "[n]o further or additional memoranda of law . . . without prior leave of Court." S.D. Fla. L.R. 7.1(c). Because they engage in argument in support of Defendants' Motion to Dismiss, the notices contained in Defendants' three Supplemental Filings constitute memoranda of law. Defendants' attempts to describe these notices as "Supplemental Filings" does not change their character.[1] Indeed, the filing of these "notices" triggered entire additional rounds of briefing, complete with a reply by

---

[1] As William Shakespeare noted long ago, "[T]hat which we call a rose, [b]y any other name would smell as sweet." *See* William Shakespeare, *Romeo and Juliet*.

5

Defendants. As Defendants filed these "notices" without prior leave of Court, the Court strikes the "notice" portions of the Supplemental Filings.

In addition, the Court takes this opportunity to remind the parties that limited circumstances warrant the filing of supplemental materials. Supplements are to be used only for newly discovered evidence or information, or for new legal authority. In this regard, a party may file a supplement when, through no fault of the filing party, certain relevant materials were not in the party's possession at the time that the party filed its motion, response, or reply. Additionally, supplements are authorized when the materials presented for consideration were not known (or could not have been known) to exist. Supplemental filings should not raise issues for the first time that could have, with reasonable diligence, been raised before, and without prior leave of court authorizing the filing of a supplemental brief, supplemental filings should be limited to the piece of evidence or legal authority and a brief statement directing the Court to the legal argument to which the supplemental filing pertains in the previously filed legal memorandum. Should the Court desire additional explanation, it will issue an order instructing the parties to brief the matter. Going forward, if a party violates these guidelines, the Court will promptly strike the supplement.

Finally, the Court notes that during the pendency of this matter, the parties have, on occasion, filed notices or other filings that do not serve to advance the litigation. Accordingly, the Court reminds the parties that in the interests of promoting the objectives of Rule 1 of the Federal Rules of Civil Procedure,[2] the parties shall file only those supplemental filings that meet the guidelines set forth in this Order and only those other filings authorized by the Federal Rules of Civil Procedure. Any other filings will be deemed irrelevant to the proceedings, will be stricken from the record, and

---

[2]Rule 1, Fed. R. Civ. P., instructs that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

may result in the imposition of sanctions.

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion for Leave to File Supplements *Nunc Pro Tunc* [D.E. 66] is **GRANTED IN PART and DENIED IN PART**, consistent with the rulings in this Order. The attachments to the July 19th Supplement [D.E. 44], August 9th Supplement [D.E. 52], and August 17th Supplement [D.E. 54] will be deemed to be filed as of the dates reflected on those filings, but the notices contained in those Supplemental Filings will be stricken from the record.

**DONE** and **ORDERED** at Fort Lauderdale, Florida this 16th day of September 2011.

                                                   ROBIN S. ROSENBAUM
                                                   United States Magistrate Judge

cc:      Honorable William J. Zloch
          Counsel of Record